DJW/byk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DONNA WIDMER

                Plaintiff,                      CIVIL ACTION

v.                                       Case No. 03-2490-DJW

RETIREMENT PLUS, INC.,
RETIREMENT RESOURCES, INC.,
RANDALL P. HALLIER,
and LOREN W. OLSON,

                Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Compel (doc. 32) and Motion to Extend Discovery Deadlines (doc. 36). In their Motion to Compel, Defendants request that the Court enter an order compelling Plaintiff to respond to Defendants' First Interrogatory Nos. 7-9, and 13, and to provide documents responsive to First Requests for Production of Documents Nos. 9 and 10. For the reasons set forth below, Defendants' Motion to Compel is denied.

## I.    Relevant Background Facts

Plaintiff has filed suit against her financial investment consulting agency and advisors, alleging violations of the Kansas Securities Act, Kansas Consumer Protective Act, and Rule 10(b)-5 of the Securities Exchange Act, as well as common law claims for breach of fiduciary duty, professional negligence, failure to supervise, and fraudulent misrepresentation and omission. Plaintiff alleges that Defendants fraudulently, negligently, and deceptively managed her financial investment accounts.

On August 20, 2004, Defendants served their First Interrogatories and First Request for Production of Documents to Plaintiff.[1]   Specifically, Interrogatory Nos. 7-9 and 13 sought information about Plaintiff's medical history and disability status, as well as authorizations entitling Defendants to obtain Plaintiff's medical records.  Request for Production Nos. 9 and 10 sought documents evidencing Plaintiff's adverse health conditions and grief counseling.

On September 17, 2004, Plaintiff served her responses to Defendants' First Interrogatories and First Request for Production of Documents.[2]   Plaintiff objected to Interrogatory Nos. 7-9, 13 and Request Nos. 9 and 10 on the grounds of: (a) attorney-client privilege; (b) physician-client privilege; (c) work product doctrine; (d) relevance; and (e) "personal medical and financial records."   After attempting to confer with Plaintiff to resolve the issue without court action, as required by Fed. R. Civ. P. 37(a)(2)(A) and D. Kan. Rule 37.2, Defendants filed the instant Motion to Compel on October 18, 2004.

## II.     Discussion

### A.      First Request for Production of Documents No.  10

Defendants' Request for Production of Documents No. 10 seeks "any and all documents evidencing grief counseling obtained by [Plaintiff] from 1997 to present."  Plaintiff states in her brief in opposition to the Motion to Compel that she will produce responsive documents in her possession, custody, or control that can be located for Request No. 10.  Based on Plaintiff's representation that she will produce documents responsive to Request No. 10, the Court finds this request to be moot.

### B.      First Interrogatory Nos. 7-9, 13 and Request for Production No. 9

---

[1]*See* Certificate of Service (doc. 24).

[2]*See* Certificate of Service (doc. 29).

Interrogatories Nos. 7- 9, and 13 and Request No. 9 generally seek Plaintiff's medical history for the past ten years and whether she has ever received disability benefits.  Specifically, Interrogatory No. 7 requests that Plaintiff "identify each hospital, medical clinic, alcohol treatment center or other medical institution to which you have been confined or treated as an outpatient for the past ten (10) years, . . . including the date or dates of each such visit or confinement, and the reasons for such confinement." Included with this interrogatory is Defendants' request that Plaintiff sign an authorization to release these records.   Interrogatory No. 8 requests that Plaintiff "identify each physician and health care provider, including counselors, psychologists and psychiatrists, who has attended or treated you in the last ten (10) years, and state the nature of your complaint and the treatment you received."  Interrogatory No. 9 asks Plaintiff to provide the dates, places, descriptions, names of treating doctors and hospitals, and dates of last complaint related to any injuries requiring medical treatment in the last ten years.  Interrogatory No. 13 seeks information regarding whether Plaintiff is now receiving or has ever received any disability benefits. Related to these interrogatories, Defendants' Request for Production of Documents No. 9 asks that Plaintiff produce "any and all documents evidencing any adverse health condition suffered by [Plaintiff] from 1997 to the present."

In her responses, Plaintiff objected to these interrogatories and request for production on the grounds that they seek information protected by the physician-patient privilege, the attorney-client privilege, and the attorney work product doctrine.  Plaintiff further objected on the grounds that they seek personal medical and financial records that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

        1.     *Relevancy objections*

3

Defendants assert that the Court should compel Plaintiff to provide the medical information requested because Plaintiff has put her medical condition at issue.  Plaintiff argues that Defendants have not met their burden of showing the alleged condition of Plaintiff is an element or factor of the claims contained in Plaintiff's Complaint, nor have they shown that it is an element of their defense.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery.  It provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[3]

Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[4]  When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery does not come within the broad scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure.[5]  Conversely, when relevancy is not apparent on the face of the interrogatory or request, the party seeking the discovery

_____

[3]Fed. R. Civ. P. 26(b)(1).

[4]*McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 643 (D. Kan. 2003) (citation omitted).

[5]*Id.*

4

has the burden to show the relevancy of the information or documents sought.[6]

To determine whether information requested during discovery is relevant, and thereby discoverable, the court must examine the issues raised in the case.[7]  Although relevancy is not limited by the matters stated in the pleadings, they do provide a basis from which to judge relevancy.[8]  "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries."[9]

In this case, the interrogatories and request in dispute do not appear to seek relevant information on their face.  Thus, Defendants have the burden to show the relevancy of the information or documents sought by the interrogatories and request in dispute.

Defendants argue that Plaintiff has put her medical condition and disability status at issue by alleging that Defendants should have acted in a certain manner and undertaken certain steps pertaining to her financial investments because of Plaintiff's physical condition.  In support of this argument, Defendants reference one of the liability opinions offered by Plaintiff's expert, i.e., that Plaintiff was in poor health and that Defendants, having been advised of this fact, should have taken certain precautions and should have undertaken certain areas of inquiry and that Defendants' failure to do so was a breach of the standard of care.

The Court is not persuaded by Defendants' argument.  Plaintiff states in her brief in opposition to

---

[6]*Id.* (citation omitted).

[7]*Pulsecard, Inc. v. Discover Card Servs., Inc.,* 168 F.R.D. 295, 309 (D. Kan. 1996).

[8]*Id.* at 309-310.

[9]*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

the Motion to Compel that "she does not intend to prove the extent of any medical condition by introducing

evidence of physical conditions, evidence of treatment, or call any witnesses to testify about her physical

symptoms or treatment." There are no issues raised in the Complaint or in Defendants' Answer that places

Plaintiff's medical history or disability status at issue. Plaintiff has not requested damages for emotional

distress or any medical expenses, nor are her medical conditions an element of either her claims or

Defendants' defenses. The specifics of her medical history are not relevant to determining the amount of

damages she seeks, as damages sought relate to the financial loss she suffered from Defendants' allegedly

negligent investment practices, not from her health problems. To the extent that Plaintiff intends to support

her breach of fiduciary duty claims with allegations that she advised Defendants she was in poor health,

those claims would  involve Defendants' *awareness* of Plaintiff's medical problems in general, not the

specific details of her medical history. Defendants have thus not met their burden to show that these

interrogatories and request seek relevant information. Based on the statements made by Plaintiff in

responding to this motion, if Plaintiff's expert attempts to offer his opinion that Plaintiff was in poor health

and Defendants, having been advised of this fact, should have undertaken certain precautions and areas

of inquiry and that Defendants' failure to do so was a breach of the standard of care, then the Court will

grant a motion in limine on that issue. Accordingly, Plaintiff's relevancy objections to Interrogatory Nos.

7-9, and 13 and to Request No. 9 are sustained.

Also in their Motion to Compel, Defendants attempt to support their argument that Plaintiff has put

her medical condition and disability status at issue by referencing allegations Plaintiff made at the mediation

held on September 7, 2004. The Court declines to consider these arguments as Defendants are improperly

using communications which take place during mediation.[10]

As the Court sustains Plaintiff's relevancy objections to Interrogatory Nos. 7-9, and 13 and to Request No. 9, the Court need not address Plaintiff's remaining objections.  Accordingly, Defendants' Motion to Compel answers to Interrogatory Nos. 7, 8, 9 and 13 and Request No. 9  is denied.

**III.    Motion to Extend Discovery Deadline**

Also pending before the Court is Defendants' Motion to Extend Discovery Deadline (doc. 34), in which they request a 45-day extension of all the Scheduling Order deadlines.  On December 6, 2004, the Court conducted a telephone status conference on this motion.  At the status conference, the Court granted the parties an extension of the December 14, 2004 discovery deadline as a result of the scheduling problems with the depositions of Plaintiff and Plaintiff's expert witness.  The Court further indicated that a new discovery deadline would be determined after the Court ruled on Defendants' Motion to Compel.

Having determined that Plaintiff's relevancy objections should be sustained and Defendants' Motion to Compel denied, the Court now enters the following amended Scheduling Order deadlines:

All discovery shall be commenced in time to be completed by to **February 15, 2005.**  The final Pretrial Conference shall be held on **March 8, 2005 at 11:00 a.m.** in Room 219, United States Courthouse, 500 State Avenue, Kansas City, Kansas.  The proposed Pretrial Order shall be submitted via WordPerfect attachment to an e-mail addressed to  KSD_Waxse_Chambers@ksd.uscourts.gov no later than **March 1, 2005**.  Dispositive motions shall be served and filed by **March 22, 2005.**  The case is set

_____

[10]*See* D. Kan. Rule 16.3 ("Settlement conference statements or memoranda . . . or any other communications which take place during the settlement conference shall not be used by any party in the trial of the case.")

for trial beginning on **August 22, 2005 at 1:30 p.m.**  Immediately prior to trial, a status conference is set for **August 22, 2005 at 10:00 a.m.**

       **IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery (doc. 34) is denied.

       **IT IS FURTHER ORDERED** that Defendants' Motion to Extend Discovery Deadline (doc. 36) is granted.  All discovery shall be commenced in time to be completed by to **February 15, 2005.**  The final Pretrial Conference shall be held on **March 8, 2005 at 11:00 a.m.** in Room 219, United States Courthouse, 500 State Avenue, Kansas City, Kansas.  The proposed Pretrial Order shall be submitted via WordPerfect attachment to an e-mail addressed to  KSD_Waxse_Chambers@ksd.uscourts.gov no later than **March 1, 2005**.  Dispositive motions shall be served and filed by **March 22, 2005.**  The case is set for trial beginning on **August 22, 2005 at 1:30 p.m.**  Immediately prior to trial, a status conference is set for **August 22, 2005 at 10:00 a.m.**

       **IT IS SO ORDERED.**

       Dated in Kansas City, Kansas this 13th day of January, 2005.

                                         s/ David J. Waxse

                                         David J. Waxse
                                         U.S. Magistrate Judge

cc:    All counsel